# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHILOH THERIAULT** | ] |
| **Plaintiff,** | ] |
| v. | ] |
| | ] CV-10-BE-2712-S |
| **CINDY S. GRIMMETT, et. al.,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION

This matter, which this court treats primarily as a *habeas* case, is before the court on *pro se* Plaintiff's "Exigent Petition to Show Cause, Hear Federal Issues, and Enter Habeas or Other Plenary Writ as Law and Justice Require" (doc. 1); "Motion to Not Appoint Don Colee to Enter this Case as Counsel to Plaintiff. . . ." (doc. 4); Don Colee's report, filed under seal (doc. 5), as a result of the court's Order directing a magistrate judge to appoint counsel to conduct a Rule 11 evaluation of the allegations; and Plaintiff's Motion for Summary Judgment (doc. 8). For the reasons stated below, the court finds that the Motion to Not Appoint Don Colee is MOOT, and that all claims in this Complaint are due to be DISMISSED WITHOUT PREJUDICE. The court does not reach Plaintiff's Motion for Summary Judgment.

## PROCEDURAL and FACTUAL BACKGROUND

Plaintiff, Shiloh Theriault, filed the petition commencing the instant suit on October 6,

2010.  In that petition, Mr. Theriault advised the court that he had been traveling in his RV from Maine to California via Alabama when he suffered a stroke at an RV repair shop in Cullman, Alabama, and was subsequently hospitalized at Cullman County Hospital.  According to the petition, he spent some time in BMC Princeton, then was allegedly improperly involuntarily committed to Bryce Hospital, and is currently at Terrace Oaks Care and Rehabilitation Center in Bessemer, Alabama.   Three of the four Defendants are "state-appointed" attorneys, Cindy S. Grimmett, J. Char Floyd, and Joseph W. Strickland.  The fourth, Dr. P. Jetty, is a psychiatrist who participated in the commitment proceedings.

Although the allegations of the petition are far from clear, Plaintiff characterizes this petition as one for *habeas corpus* for being wrongfully committed against his will without any signs of mental illness. Mr. Theriault sues Dr. Jetty, whom he identifies as a "Christian-only employee of the Baptist Medical Center Princeton in Birmingham, Alabama,"  for supporting the involuntary commitment and thereby interfering with Mr. Theriault's freedom to exercise and teach his religion based on "Sixty Words that Can Change The World Forever,"a new song uniting the nations with "notes" from the Holy Bible, Bhagavad Gita, and Glorious Quran.

Mr. Theriault also appears to argue that all three attorneys were ineffective, failed to act in his best interest, and acted "outside their state appointed authority."  Mr. Theriault specifically singles out attorney Cindy S. Grimmett for allegedly selling his RV without his permission, along with its contents, including his original movie script entitled "The Goddess Danced Last Night." Mr. Theriault  further claims that the federal assistant or other "documenter" at Cullman hospital wrongfully obtained or attempted to obtain his signature on documents waiving his right to Social Security Income benefits, when Mr. Theriault did not realize what he was signing.

However, Mr. Theriault did not identify the federal assistant or other "documenter."

At the same time Mr. Theriault filed his complaint, he also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). The court granted the motion and also deemed the motion to request court-appointed counsel. The court granted the motion for court-appointed counsel to this extent: it referred the matter to a Magistrate Judge to appoint counsel to conduct a Rule 11 investigation of the lawsuit. (Doc. 3). Magistrate Judge Davis appointed Attorney Don Colee to do so. (*See* docket entry on December 1, 2010). On December 6, 2010, Theriault filed a motion entitled "Motion to not Appoint Don Colee to Enter This Case as Counsel to Plaintiff for the Follow Justified Reasons," objecting that when Colee visited him, Colee "would not even discuss one word of Petitioner's complaint about **The 'Religious Expedience' issue."** Further, Mr. Theriault complained that Colee refused to take to the court "evidentiary papers. . .that proved my case substantially." (Doc. 4).

On December 22, 2010, Colee filed under seal his report on the Rule 11 investigation. (Doc. 5). In essence, Colee's report indicates that Mr. Theriault is not forced to stay at Terrace Oaks by any court order; the facility receives Social Security money and money from his sister. (Doc. 5).

On January 3, 2011, Mr. Theriault filed a letter to this court, once again stating that he was incarcerated in Terrace Oaks and was requesting *habeas corpus* relief. The letter attached as Exhibit A "Doctor's Progress Notes" dated November 12, 2010 and signed by Christopher J. Portante, which state: "To Whom It May Concern: Shiloh Theriault is a resident at Terrace Oaks Care and Rehab Center. He is able to transfer from bed to chair independently. He is able to feed himself independently. He is able to dress himself independently." (Doc. 6, at 5). Attached

3

as Exhibit B is a letter from the law offices of Gloor, Strickland & Haggerty, LLP to the Clerk of the Alabama Court of Civil Appeals. That letter advises the Clerk that the firm represented Mr. Theriault, that Mr. Theriault was released from state custody at Bryce Hospital on December 3, 2009 "for a two-week trial admission to the Terrace Oaks Care and Rehabilitation Center," and that his discharge from state custody became final on December 17, 2009; therefore, Mr. Theriault was a "resident" of Terrace Oaks but was not held there by court order. (Doc. 6, at 6). Attached to the letter as Exhibit C is an order of the court of civil appeals affirming with no opinion the Jefferson Probate Court's action as to Mr. Theriault's suit against Maanami I. Thomas. Attached as Exhibit D to the letter is a letter dated December 28, 2009 from Mary Starke Harper Geriatric Psychiatry Center at Bryce Hospital to Terrace Oaks Rehabilitation Center confirming that after the probate judge of Jefferson County admitted Mr. Theriault to the Center on August 4, 2009, Mr. Theriault "was discharged to your facility on December 17, 2009 after a successful trial visit." (Doc. 6, at 7). Attached as the last exhibit to the letter was this court's October 19, 2010 Order granting Mr. Theriault's *in forma pauperis* motion and deeming the motion to also request court-appointed counsel to review the complaint. (Doc. 6, at 8).

On January 13, 2011, Mr. Theriault filed a document entitled "I Just Learned I'm Confined by National Corporation but *De Jure* Nature of It Is Kept Nationwide Quasi-Secret." The document lists the national corporate office of American Health Corp. (Doc. 7).

On February 7, 2011, Mr. Theriault filed a motion for summary judgment on his "Habeas Corpus case," requesting judgment on his pleadings and requesting that the pleadings and motions of the defendants, if any, be stricken. He objects to Colee's "secret conference" with Terrace Oaks administration about him, suggests that he "would be glad to have a Jewish

counsel,"and refers to the "ULTRAMINDER" of 850 pages that Mr. Theriault filed with the court that provides evidence "in a commuter Flashdrive. . .of my prophecy that is coming true from 50 some odd year ago; but if you did not receive it, the mailroom officer confiscated such lawsuit evidence."  (Doc. 8).

## MOTION NOT TO APPOINT DON COLEE

In this motion, Mr. Theriault advises the court that he does not want Attorney Colee to represent him.  The court appointed Mr. Colee for the sole purpose of performing a Rule 11 investigation, which Mr. Colee has completed, reporting to this court.  To the extent that any ambiguity remains regarding previous court Orders in this case, the court FINDS that Mr. Colee has fulfilled his obligation in this matter, and the court does *not* appoint him to represent Theriault in this case.  Further, the court finds that Mr. Theriault is not entitled to any other court-appointed counsel.  Civil litigants in federal court do not have a right to appointed counsel, except in "exceptional circumstances," which the court in its discretion does not find here.  *See Steele v. Shah*, 887 F.3d 1266, 1271 (11th Cir. 1996) ("A district court's appointment of counsel in civil cases is warranted only in exceptional circumstances.").  Mr. Colee is not currently representing Theriault, and Mr. Colee is not reflected on the docket sheet or elsewhere in the record as Mr. Theriault's attorney.  Therefore, the court DEEMS this motion to be MOOT.

## REVIEW OF THE *IN FORMA PAUPERIS* COMPLAINT

This court had previously addressed and granted Mr. Theriault's motion for leave to proceed *in forma pauperis*.  In making a determination of whether a plaintiff qualifies as a pauper "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time *if* the court determines that . . . the action or appeal. . . is frivolous or

malicious . . . [or] . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii) (emphasis supplied). Thus, the court has an obligation to review *sua sponte* the merits of *in forma pauperis* matters. In performing this review, the court has examined the Complaint; the report on the Rule 11 investigation, filed by Attorney Colee; Mr. Theriault's motion to proceed *in forma pauperis;* his December 6, 2010 motion not to appoint Attorney Colee as counsel; his January 3, 2011 letter to this court with attached exhibits; his January 13, 2011 notice; and his February 7, 2011 motion for summary judgment. The court DEEMS Mr. Theriault's additional filings to be amendments to his Complaint.

### *HABEAS CORPUS* **PETITION**

As noted previously, the Plaintiff, Mr. Theriault, is proceeding *pro se*. To protect a *pro se* litigant's right of access to the judicial system, courts read *pro se* complaints by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] Therefore, this court reads Mr. Theriault's complaint by less stringent standards; however, the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Because not all assertions in the complaint were clear nor did they all appear to have a clear legal or factual foundation, the court took the extra step of ordering that a lawyer be appointed to perform a Rule 11 investigation of the lawsuit.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

Rule 11, which applies to all plaintiffs including those proceeding *pro se*, provides that when parties file court documents, they "certif[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the matters filed are warranted and are not presented for an improper purpose." Fed. R. Civ. P. 11(b); *see Thomas v. Evans*, 880 F. 2d 1235, 1240 (11th Cir. 1982) ("Rule 11 applies to pro se plaintiffs, but the court must take into account the plaintiff's pro se status when determining whether the filing was reasonable."). In a Rule 11 investigation of a *pro se* Complaint where *in forma pauperis* status has been granted, the court appoints a lawyer who, unlike a layman such as the plaintiff, is familiar with the law and the jurisdictional requisites of litigating in federal court, to undertake a preliminary investigation of the claims not only to ensure that the plaintiff's legitimate claims receive fair treatment but also to conserve limited judicial resources and prevent abuse by an unlearned layman who, wittingly or unwittingly, may file frivolous, malicious, or a legally baseless lawsuits.

The report of the Rule 11 investigation in the instant case indicates that Mr. Colee found no basis for Mr. Theriault's allegation of unlawful detention. In light of the measures that this court took to afford fair treatment to Mr. Theriault's claims, and the relevant substantive and procedural law, as discussed below, the court is confident that the dismissal of Mr. Theriault's *habeas* petition is appropriate and in accordance with controlling law.

1. No State Custody

The statute that governs *habeas* relief, Section 2254, provides that courts may entertain an application for a writ of *habeas corpus* "in behalf *of a person in custody pursuant to the judgment of a State court . . .*" 28 U.S.C. § 2254 (emphasis supplied). Courts construe this

7

language restricting *habeas* relief to petitioners in state custody as a jurisdictional limitation on the power to grant relief. *Duvallon v. Florida*, 691 F.2d 483, 484-85 (11th Cir. 1982); *Stacey v. Warden*, *Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). Further, the United States Supreme Court has explained that the petitioner must be in state custody at the time his petition is filed to meet this requirement. *Maleng v. Cook,* 490 U.S. 488*,* 491 (1988).

In the instant case, Mr. Theriault's complaint characterizes the lawsuit as a "habeas" action, states that he was involuntarily committed to Bryce Hospital, and also asserts that he was a prisoner at a place he refers to as Eastview and is now restrained at Terrace Oaks Rehabilitations Center. The January 3, 2011 letter he subsequently sent to the court once again stated that he was incarcerated in Terrace Oaks and was requesting *habeas corpus* relief. However, the evidence presented to this court does not support those bare allegations that he is in state custody. Instead, *the documents that Mr. Theriault himself filed with the court*, which this court deems to be amendments to the petition, indicate that he was released from state custody in December 2009[2], when his discharge from Bryce Hospital was finalized, and that he was not in state custody as of the date of his petition, October 6, 2010, or afterwards. Mr. Colee's report confirms this information. Therefore, as an initial ground for dismissing this petition, the court finds that it has no power to grant *habeas* relief, because Mr. Theriault was not in state custody as of the date of the petition as required by Section 2254 and is not now in state custody.

---

[2] The December 28, 2009 letter from the State of Alabama Department of Mental Health, Mary Starke Haper Geriatric Psychiatry Center, which Mr. Theriault filed with the court, states that Mr. Theriault was admitted to the Center on August 4, 2009 by the probate Judge of Jefferson County and was discharged to Terrace Oaks Rehabilitation Center on December 17, 2009 after a successful trial visit. (Doc. 6, at 8).

2. Failure to Exhaust of State Remedies

The court acknowledges a second ground for dismissal of this petition. Before a petitioner may maintain a federal *habeas corpus* action, he must first exhaust all available state remedies. *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982); 28 U.S.C. § 2254 (b)(1)(A). The rationale behind the exhaustion of state remedies requirement is that the doctrine of comity requires that the State of Alabama be afforded the opportunity to consider and correct an alleged error before federal *habeas corpus* relief is available. "[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of . . .federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1994) (citations omitted). However, petitioner's Complaint does not state that he has exhausted available state remedies regarding these assertions, nor do any of the documents filed suggest that he has done so. Therefore, the court finds that Mr. Theriault has failed to establish that he has first exhausted state remedies, and that dismissal of this federal *habeas* petition is appropriate.

For the above reasons, the court FINDS that Mr. Theriault's petition for *habeas corpus* is due to be DISMISSED WITHOUT PREJUDICE because it is frivolous and does not state a claim on which relief may be granted.

## FEDERAL CLAIMS AGAINST ATTORNEYS

Mr. Theriault's Complaint also asserts that his court-appointed attorneys, Cindy S. Grimmett, Joseph Strickland and J.Chad Floyd, were not diligent in representing him. In the heading of the Complaint, Mr. Theriault asserts that these attorneys acted "apposite in petitioner's case, and each acting outside their state appointed authority. . . ." (Doc. 1, at 1). As to Mr. Strickland, Mr. Theriault claimed in the text of his Complaint that Mr. Strickland "was on

9

the side against petitioner all the way" during the commitment hearing; "would not object to the testimony of the psychiatrist [saying Mr. Theriault should be committed] at all;" refused to point out that Mr. Theriault's testimony was undisputed; was deliberately ineffective; did not advise Mr. Theriault about the right to appeal and the time limit for appealing; and did not respond when Mr. Theriault mailed him grounds for appeal.  As to Mr. Floyd, Mr. Theriault simply states, in addition to the information in the Complaint heading, that Mr. Floyd has not communicated with him.  As to Ms. Grimmett, in addition to the statements in the Complaint's heading, Mr. Theriault complains that she wrongfully and secretly sold his RV and its contents without providing him an accounting.

Mr. Theriault's *pro se* status and his difficulties in articulating legal assertions pose challenges to this court in analyzing those assertions.   Because this court is a court of limited jurisdiction, not every allegation is a wrong that this court has jurisdiction to address.  Therefore, this court must determine whether Mr. Theriault's allegations against his attorneys allege a *federal* cause of action, not simply wrongs that would fall under state law, if they violate any law at all.  To the extent that Mr. Theriault has attempted to allege that these attorneys committed malpractice and that their alleged malpractice somehow gives rise to a *federal Civil Rights action* pursuant to Section 1983, the court FINDS that his claim is frivolous or does not state a federal claim upon which relief can be granted, as further explained below.

In *O'Brien v. Colbath*, the former Fifth Circuit Court of Appeals addressed a similar case where appellant appealed the district court's denial of application for leave to file his Civil Rights suit against his public defender *in forma pauperis*.  In that suit, appellant was complaining that the public defender had committed malpractice in the handling of a criminal appeal. Stating

that the Court of Appeals had "consistently held that such a tort claim against a professional man for malpractice is not cognizable under the Civil Rights Act," and that Section 1983 "was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys," the former Fifth Circuit found that the complaint failed to state a claim as a matter of law. Thus, it affirmed the district court's denial of leave to file the complaint *in forma pauperis*. 465 F.2d 358 (1972) (*per curiam*) (citations and internal quotations omitted).

Consistent with this authority, this court FINDS that Mr. Theriault's federal claims against his court-appointed attorneys for malpractice are either frivolous or do not state any federal claim as a matter of law and are due to be DISMISSED WITHOUT PREJUDICE. As to the claim directed solely against Ms. Grimmett about the wrongful sale of Mr. Theriault's RV, the court finds that Mr. Theriault has alleged no state action that gives rise to a federal claim. *See, e.g., U.S. ex rel Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (holding that even court-appointed attorneys do not satisfy Section 1983's state action requirement, because the court appoints them to represent the client, not the state). Therefore, the court FINDS that this additional claim against Ms. Grimmett is either frivolous or fails to state a federal claim upon which relief can be granted, and is also due to be DISMISSED WITHOUT PREJUDICE.

**FEDERAL CLAIMS AGAINST DR. JETTY**

Mr. Theriault also complains that Dr. Jetty, a psychiatrist and "Christian-only employee of the Baptist Medical Center Princeton" who apparently supported Mr. Theriault's involuntary commission to Bryce Hospital, wrongfully testified in Mr. Theriault's commitment proceedings that Mr. Theriault was mentally ill because his religious beliefs did not "match up" using Christianity as a religious standard. (Doc. 1, at 8).

As noted previously, Mr. Theriault's *pro se* status poses challenges to this court in analyzing his Complaint to determine if it alleges a federal claim. The court has to stretch its imagination to discern the most likely federal claim attempted to be pled against Dr. Jetty. The Complaint does not specifically use the words "under color of state law" or refer to Section 1983. To the extent, however, that the court could read the Complaint as alleging that Dr. Jetty acted under color of state law when he testified in state commitment proceedings, and thus, as attempting to allege a federal Civil Rights action, the court finds that absolute immunity attaches to Dr. Jetty from liability for monetary damages arising from his testimony. As the Supreme Court of the United States recognized in *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983), all witnesses, whether governmental or private, "are integral parts of the judicial process and are shielded by absolute immunity." *See also Strength v. Hubert*, 854 F.2d 421 (11th Cir. 1988) (immunity during grand jury proceedings). If a witness provides false testimony in such a proceeding, the adequate and appropriate remedy is to bring perjury charges against the witness, and if the petitioner is in custody, a habeas petition provides the appropriate remedy to challenge the propriety of the custody. However, the treatment decision of a psychiatrist for state court commitment proceedings should not be challenged in a Civil Rights case. Therefore, the court finds that any federal Civil Rights claim alleged against Dr. Jetty arising out of his testimony for Mr. Theriault's commitment proceedings is due to be DISMISSED WITHOUT PREJUDICE as failing to state a federal claim upon which relief can be granted.

The court can discern no other potential plausible federal claims.

**STATE LAW CLAIMS**

The court has dismissed all potentially discernible federal claims that Mr. Theriault has

asserted.  To the extent that Mr. Theriault asserts any further claims as violative of state law, the court, in its discretion, declines to exercise jurisdiction over those claims, and does not reach those claims; it will also DISMISS them WITHOUT PREJUDICE.  *See* 28 U.S.C. § 1367(c)(3).

**SUMMARY**

In sum, after a review of the Complaint pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii), the court finds that all federal claims are due to be DISMISSED WITHOUT PREJUDICE and, because it declines to exercise discretionary jurisdiction over the remaining state claims, it further finds that all remaining claims are due to be DISMISSED WITHOUT PREJUDICE.  As no further claims remain, this entire suit is due to be DISMISSED WITHOUT PREJUDICE.

**MOTION FOR SUMMARY JUDGMENT**

In light of the court's other rulings, the court does not reach Mr. Theriault's Motion for Summary Judgment.

The court will enter a separate Order simultaneously with the filing of this Memorandum Opinion.

Dated this 7th day of September, 2011.

/s/ Karon O. Bowdre
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE