FILED
2011 Oct-06  PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

| | |
|---|---|
| **SHILOH THERIAULT** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | |
| ] | **CV-10-BE-2712-S** |
| **CINDY S. GRIMMETT, et. al.,** ] | |
| ] | |
| **Defendants.** ] | |
| ] | |
| ] | |
| ] | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on "Amendments to Clarify the Complaint Herein. . ."

(doc. 13), which the court treats as a motion for reconsideration and motion to amend; "Motion

for Another Judge to Hear Amendments with Brief of Rule 11(b)(2) Invoked in Support of

Amendments" (doc. 14); and "Motion to Consider <u>New Evidence</u>. . .and Motion to Unseal. . ."

(doc. 15).  For the reasons stated below, the court will DENY all motions.

<u>"Amendments to Clarify the Complaint"</u>

As noted above, because Plaintiff filed this document after the court's Order dismissing

this entire action (doc. 10), the court TREATS this document as a motion to reconsider and

motion to amend. "[R]econsideration of an order" however, "is an extraordinary remedy and is

employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d

1256, 1266 (N.D.Ala. 2006).  Motions for reconsideration should not be a "'knee-jerk reaction to

an adverse ruling.'" *Id.* (quoting *Summit Medical Center of Alabama, Inc. v. Riley,* 284 F. Supp.

1

2d 1350, 1355 (M. D. Ala. 2003)).  Neither should they be "a platform to relitigate arguments previously considered and rejected." *Reuter,* 440 F. Supp. 2d at 1266.  Rather, they should be "only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."  *Summit Medical Center,* 294 F. Supp. 2d at 1266.

Because the court has determined that Plaintiff raises no new *material* evidence (*see* below) and because he cites no change in relevant laws, the court will deny the motion unless the court agrees with Plaintiff's characterization of  its previous ruling as clear error or as causing manifest injustice.  The court cannot agree with this characterization.

The Plaintiff appears perplexed that the court does not recognize a federal cause of action based on the interstate commerce clause, and he has the temerity to advise the court about when federal jurisdiction attaches based on that clause.  However, contrary to the Plaintiff's assumptions, the fact that he was traveling in interstate commerce prior to his stroke and through the Northern District of Alabama at the time of his stroke does not create a federal cause of action or establish this court's jurisdiction over the matter.

In his "Amendments," Plaintiff then reargues other matters that he previously raised and the court rejected, and presents "new evidence" that is not material to the issues before the court.  Yet, nothing in his new filings provides an appropriate ground for reconsideration of the dismissal.  Although the Plaintiff insists that the court "hurried" to enter an order dismissing the case, the court has instead labored over this case, trying to ascertain whether the *pro se* Plaintiff has stated any plausible, non-frivolous federal claim.  However,  the court has repeatedly found none. Mere invocation by the Plaintiff of constitutional phrases does not equal the requirements

2

for stating a plausible federal claim that invokes federal jurisdiction.   The Plaintiff simply does not present any viable arguments supporting the existence of clear error or manifest injustice in the dismissal of his suit.

Finding that the Plaintiff has not presented sufficient grounds for applying this extraordinary remedy, the court finds that the motion for reconsideration is due to be DENIED. In light of that ruling, the case remains dismissed, and the court finds that the request to amend is likewise due to be DENIED.

Motion to Consider New Evidence

Because the presentation of new, material evidence is one ground for reconsideration of a ruling, and because the court will treat the Plaintiff's "Amendment to Clarify the Complaint ..." as a motion for reconsideration, the court must address Plaintiff's motion to consider new evidence.  The "new evidence" that the Plaintiff presents is his declaration that the administration of the nursing home is holding him against his will and has installed "electric eyes" and locking devices to prevent him from escaping.  The court notes that although the Plaintiff did not previously present to the court the specific facts about electric eyes and locks, he has not provided the court with any reason he could not have done so before the court dismissed his case. However, acknowledging the Plaintiff's *pro se* status, the court will nevertheless address the motion and the facts within it.

Assuming for the purposes of this motion that this new evidence is true, those  facts do not affect the court's ruling dismissing the case. Plaintiff's own filings, including his motion to consider new evidence, do not assert facts that, if true, would establish that he is in *state* custody or was in *state* custody at the time his petition was filed; in fact, those filings indicated that he

had been released from *state* custody prior to filing his petition.  Therefore, the new evidence asserting that the nursing home, which is not a *state* entity, was holding him against his will, with the "electric eyes" or otherwise, would not be evidence material to his *habeas* petition and would not affect the court's ruling dismissing it for lack of jurisdiction to grant *habeas* relief.  Further, the new evidence does not provide facts supporting the Plaintiff's exhaustion of state remedies.

Because the court cannot accept the facts as material, the court DENIES the motion to consider new evidence.

<u>Motion for Judge to Unseal and Motion for Another Judge to Hear Amendments</u>

As noted previously, because the court has found that the motion to reconsider the dismissal of the action is due to be denied and the motion to amend is likewise due to be denied, this case remains dismissed.  Merely disagreeing with a judge's ruling does not give rise to grounds to recuse a judge and to have another judge hear the cause.  The motion for another judge is not well taken and is DENIED, and the motion to unseal is likewise DENIED.

Contemporaneous with this Memorandum Opinion, the court will enter a separate Final Order.

Dated this 6th day of October, 2011.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

4